UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAPID RELASE BAIL BONDS, Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**RAPID BAIL BONDS, LLC, JOHN SMITH, an individual, and ABC COMPANIES,**<br><br>**Defendants.** | Hon. Kevin McNulty<br>Civil Action No. 12-cv-2212 (KM-JAD)<br><br><u>**REPORT AND RECOMMENDATION**</u> |

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before the Court upon motion by defendant Rapid Bail Bonds, LLC. ("Defendant") to vacate the default entered against it on May 11, 2012 (the "Motion to Vacate Default"). The Motion to Vacate Default was referred to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After having considered the parties' submissions, and for good cause shown; and

**WHEREAS** Plaintiff served Defendant with the Complaint on April 18, 2012 (Def. Br. 3, ECF No. 6-1); and

**WHEREAS** on April 23, 2012 – three business days after being served – Defendant forwarded the Complaint to Samuel Silver, Esq., an attorney with whom Defendant previously had worked (<u>Id.</u>); and

**WHEREAS** Defendant's responsive pleading was due on May 9, 2012 (Pl. Opp. Br. 2, ECF No. 11); and

**WHEREAS** Defendant failed to respond to the Complaint by May 9, 2012 (<u>Id.</u>); and

1

**WHEREAS** on May 11, 2012, the Clerk entered default against Defendant for failing to file a responsive pleading within the time allotted under Fed. R. Civ. P. 12(a)(1)(A)(i) (Def. Br. 3, ECF No. 6-1); and

**WHEREAS** on May 16, 2012, Defendant contacted Mr. Silver to see if he had responded to the lawsuit. (Id. at 4). Mr. Silver advised Defendant that he could not represent Defendant because the subject matter in the Complaint was beyond his expertise (Id.); and

**WHEREAS** Defendant thereafter sought assistance from John B. Fabriele, III, Esq., who contacted Plaintiff's counsel to determine whether the matter could be resolved on a consensual basis. (Id.). The parties were unable to reach an agreement. Thereafter, Mr. Fabriele referred Defendant to its current counsel, Marc D. Youngelson, Esq. (Id.); and

**WHEREAS** Defendant retained Mr. Youngelson on June 18, 2012 (Id.); and

**WHEREAS** on June 22, 2012, Mr. Youngelson contacted Plaintiff to request that Plaintiff consent to vacate the default entered against Defendant. Plaintiff refused consent (Id.); and

**WHEREAS** Mr. Youngelson filed the Motion to Vacate Default on June 29, 2012; and

**WHEREAS** Fed. R. Civ. P. 55 (c) provides that, for good cause shown, a court "may set aside an entry of default"; and

**WHEREAS** in determining whether the good cause standard has been satisfied, courts examine the following three factors: (i) whether defendant has set forth a meritorious defense; (ii) whether plaintiff will be prejudiced by setting aside the default; and (iii) whether defendant's culpable conduct led to the default. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); and

**WHEREAS** a meritorious defense is established if the moving party's allegations, if established at trial, would constitute a complete defense to plaintiff's claims. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). A complete defense must "allege [] specific facts beyond simple denials or conclusory statements. Getty Petroleum Marketing, Inc. v. Saini, No. 05-4732(RBK), 2007 WL 465451 (D.N.J. Feb. 7, 2007) (citation omitted); and

**WHEREAS** Counts One through Five of the Complaint assert causes of action that would require Plaintiff to establish ownership and protectability of its mark, as well as a likelihood of confusion between Plaintiff's mark and Defendant's mark. Defendant set forth defenses to these causes of action in its proposed answer by virtue of affirmative defenses eight through ten, which allege, respectively, that: Plaintiff does not have a valid or protectable mark, Plaintiff cannot establish ownership of its alleged mark, and Plaintiff cannot establish a likelihood of confusion. Moreover, in Defendant's brief in support of the Motion to Vacate Default, Defendant expounded upon these affirmative defenses by alleging that (i) Plaintiff's mark is not protectable because it is generic and, therefore, not entitled to protection; (ii) Plaintiff has not demonstrated a valid prior use of its mark in commerce and thus cannot establish ownership; and (iii) there is no likelihood of confusion between the marks based on the lack of similarity between the marks. This Court finds that Defendant put forth a meritorious defense with respect to these Counts; and

**WHEREAS** Count Six of the Complaint asserted a tortious interference with prospective economic advantage cause of action against Defendant. Plaintiff alleged that Defendant "knowingly received numerous telephone calls and inquiries pertaining to Plaintiff's business [and] seeking to work with Plaintiff with regard to posting a bond or similar service," and that

Defendant "knowingly and intentionally misled consumers into believing Defendants are affiliated with Plaintiff, and that their separate businesses are one entity." (Compl. ¶¶ 49, 51, ECF No. 1); and

**WHEREAS** Count Seven of the Complaint asserted a cause of action under New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-2. Plaintiff alleged that Defendant "knowingly represented that it had a familial relationship with Plaintiff's principals in efforts to deceive consumers into conducting business with Defendant, rather than Plaintiff." (Id. at ¶ 59); and

**WHEREAS** in its proposed answer, Defendant denied the allegations of both Count Six and Count Seven. (Youngelson Cert. Ex. B,¶¶ 49-51, ECF No. 6-3). Although a party seeking to vacate an entry of default must do more than put forth a general denial, see Getty Petroleum Marketing, Inc. v. Saini, No. 05-4732(RBK), 2007 WL 465451 (D.N.J. Feb. 7, 2007) ("A complete defense must "allege [] specific facts beyond simple denials or conclusory statements.") (citation ommiteed), Defendant submitted a certification that expressly denied that Defendant represented itself to be affiliated with and/or related to the principals of Plaintiff, or that Defendant engaged in any of the other wrongful conduct alleged by Plaintiff. (Rios Cert. ¶¶ 7-8, ECF No. 6-2). These denials, if true, would constitute a complete defense to Plaintiff's claims; and

**WHEREAS** in the proposed answer, Defendant also put forth an affirmative defense of laches. (Youngelson Cert. Ex. B,¶ 66, ECF No. 6-3). Defendant alleged that Plaintiff knew of its alleged claims, including the fraud and tortious interference with prospective economic advantage causes of action set forth in Count Six and Count Seven, two years prior to instituting this action. (Def. Reply Br. 7, ECF No. 13). Defendant argued that Plaintiff's conduct

constituted an inexcusable delay that resulted in prejudice to Defendant and, therefore, the doctrine of laches operates as a complete defense to Plaintiff's claims. (Id.).

**WHEREAS** the Court, in deciding whether to vacate the entry of default, need not delve into the ultimate legal merit of Defendant's assertions. Getty Petroleum Marketing, Inc. v. Sain, No. 05-4732(RBK), 2007 WL 465451 (D.N.J. Feb. 7, 2007). It is enough that Defendant's allegations, if true, could defeat the allegations of Plaintiff's Complaint. Id. This Court finds that Defendant put forth a meritorious defense with respect to Count Six and Count Seven; and

**WHEREAS** this Court finds that Plaintiff would not be substantially prejudiced by vacatur of the entry of default. Prejudice to a plaintiff "is established [...] when a plaintiff's ability to pursue the claim has been hindered [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. Appx. 519, 522 (3d Cir. 2006) (citation omitted). Plaintiff's efforts to pursue its claims have not been nor will they be hindered if the default is vacated. Plaintiff asserted that it already collected "hundreds of examples of evidence" of Defendant's allegedly fraudulent conduct (Def. Br., at 3, ECF 13), and that "since the filing of [the] Complaint," it has collected "numerous additional statements and court documents" confirming RBB's alleged fraud. (Id.); and

**WHEREAS** this Court finds that Defendant's conduct does not rise to the level of culpable conduct such that its Motion to Vacate Default should be denied. Defendant forwarded the Complaint to an attorney, Mr. Silver, three business days after it was served. (Def. Br. 3, ECF No. 6-1). This attorney did not file a responsive pleading on Defendant's behalf and, instead, advised Defendant that he could not handle the case after the deadline to answer had passed. (Id. at 4). This Court will not attribute the failure of Defendant's prior attorney to

5

Defendant. See Sourcecorp Inc. v. Croney, 412 Fed. Appx. 455, 460 (3d Cir. 2011). Defendant promptly sought new counsel and tried to resolve the matter consensually with Plaintiff, albeit unsuccessfully. (Def. Br. 4, ECF No. 6-1). The Motion to Vacate Default was promptly filed on June 29, 2012, after Defendant's retention of its current counsel on June 18, 2012 and following Defendant's inability to consensually resolve the matter with Plaintiff on June 22, 2012; and

IT IS on this 31st day of October, 2012,

**RECOMMENDED** that Defendant's Motion to Vacate Default be **GRANTED** and that Defendant be ordered to file its proposed answer within thirty (30) days of the District Court's order approving this Report and Recommendation.

_____
JOSEPH A. DICKSON, U.S.M.J.


cc:    Honorable Kevin McNulty, U.S.D.J.